Craig F. STEAD and Elizabeth
Mueller Stead, Plaintiffs,

v.

F.E. MYERS CO., DIVISION OF
McNEIL CORPORATION,
Defendant.

Civ. No. 89–169.

United States District Court,
D. Vermont.

Nov. 26, 1990.

Kenneth Fisher, Wilmington, Vt., Alan C. Milstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for plaintiffs.

Craig F. Stead and Elizabeth M. Stead, pro se.

Harry R. Ryan, III, Ryan, Smith & Carbine, Ltd., Rutland, Vt., Thomas Parker, Roetzel & Andress, Akron, Ohio, for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On November 5, 1990, defendant F.E. Myers Co. (Myers) moved this court for an order in limine preventing the presentation of testimony by plaintiffs Craig F. Stead and Elizabeth M. Stead (Steads) relating to any increased risk of cancer resulting from their alleged exposure to oil from their F.E. Myers submersible pump. The court, pursuant to Local Rule 5(A), declines to hear oral argument on the motion.

## BACKGROUND

The Steads commenced this action on June 7, 1989, alleging negligence, breach of warranty, strict liability, and violation of Vermont's Groundwater Protection Act, 10

V.S.A. ch. 48, § 1390 *et seq.* In the complaint, the Steads alleged that, inter alia, "plaintiffs will continue to suffer injury and damage including the cost of medical monitoring." No mention is made in the complaint of a claim for damages resulting directly from an increased risk of cancer due to the alleged exposure.

Myers seeks to prevent the testimony of two of the Steads' expert witnesses, G. John DiGregorio, M.D., and Robert Rutman, Ph.D., concerning any increased risk of cancer due to the alleged exposure to pump oil. Myers states two grounds in support of its motion: (1) The Steads' experts cannot quantify to a reasonable degree of medical certainty the increased risk of cancer that the Steads' may experience, and (2) The Steads failed to disclose in their answers to expert interrogatories that either of the experts would testify at trial to the alleged carcinogenic effects on the Steads from the alleged exposure.

## DISCUSSION

■ It is clear from the cases cited by the parties in their supporting memoranda that if the Steads were to assert any claim for damages resulting directly from an increased risk of cancer due to the alleged exposure to pump oil, they would be required to show that to a reasonable degree of medical certainty the Steads were more likely than not to develop cancer as a result of that exposure. According to their depositions, neither of the experts in question are able to so testify.

However, as the Steads point out, there has been no assertion of a claim for damages stemming directly from an increased risk of cancer. Rather, as was stated in the complaint, the Steads seek to offer proof of an increased risk of cancer that, while admittedly unquantifiable, is substantial enough to require medical monitoring for many years, the cost for which they seek recovery. When offered for this purpose, quantification of the increased risk to a reasonable degree of medical certainty is not required. *See In re Paoli Railroad Yard PCB Litigation (Brown v. Monsanto*

*Co., et al.),* 916 F.2d 829 (3d Cir.1990); *Merry v. Westinghouse Elec. Corp.,* 684 F.Supp. 847 (M.D.Pa.1988).

■ Although the complaint did not include an itemized list of those potential future injuries for which monitoring allegedly would be required, the allegation that medical monitoring would be required put Myers on notice generally that various specific illnesses would be tested for. The Steads supplemented their answers to Myers' expert interrogatories on June 21, 1990 to expressly state that they would need medical monitoring to detect "other illnesses" that might result from the alleged exposure. On July 23, 1990, both experts testified during their depositions that cancer was in fact one of these "other illnesses" for which monitoring should be done. These disclosures, which took place prior to the expiration of the discovery period, were timely and provided adequate notice to Myers.

■ This court finds that the testimony of Drs. Rutman and DiGregorio relating to an increased risk of cancer as a result of the alleged exposure to pump oil is relevant to the issue of the recovery of costs for future medical monitoring. The court further finds that the probative value of this evidence is not outweighed by the danger of unfair prejudice to Myers under F.R.E. 403. Myers' motion to exclude evidence relating to an increased risk of cancer resulting from the alleged exposure to pump oil is therefore DENIED.

SO ORDERED.